**IN THE UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF ALABAMA**

———————

| | |
|---|---|
| Alma W. Sanders-Alloway, | ) |
|      Plaintiff, | )    Case No.: 2:06cv419-MEF |
|   vs. | ) |
| | )    State Defendants' Motion |
| | )         to Dismiss |
| June Mabry, in her official capacity, | ) |
| et al. | ) |
|      Defendants | ) |
| | ) |
| | ) |
| | ) |
| | ) |

<u>**STATE DEFENDANTS' MOTION TO DISMISS AND SUPPORTING MEMORANDUM**</u>

COME NOW the Alabama State Board of Education and Ms. June Mabry, the State defendants[1] and move this Honorable Court, pursuant to Rule 12(b)(1) and Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be

---

[1] Out of an abundance of caution, and without waiving a defense of insufficiency of process and insufficiency of service of process, this motion is brought on behalf of all State defendants, named and unnamed, including but not limited to, Ms. June Mabry and the Alabama State Board of Education, hereinafter referred to as "the State defendants." Rule 4, Rule (5), Rule 12(b)(4), Rule 12(b)(5), and Rule 12(h)(1) Fed. R. Civ. P.

granted.    In support thereof, the State defendants submit
as follows:


I.    **Factual Allegations and Procedural History**

   On May 9, 2006, Ms. Alma W. Sanders-Alloway, Plaintiff,
brought   an   employment-discrimination   action   against   the
State defendants.    (Plaintiff's Complaint ¶ 3.)    As best
can be ascertained, Plaintiff's complaint alleges that the
State   defendants   failed   to   employ   her   "in   higher
education",   terminated   her   employment,   failed   to   promote
her   "to   a   job",   and   failed   to   reinstate   her   teacher's
certificate.   (Plaintiff's Complaint at ¶ 4.)      Plaintiff
moved   the   Court   for   an   award   of   back   pay,   "retirement",
reinstatement   to   her   former   job,   and   "certification".
(Plaintiff's Complaint at ¶ 12.)

   The   State   defendants   vehemently   contest   the   material
factual   allegations   of   Plaintiff's   complaint.      Even
assuming,   solely   for   the   sake   of   argument,   that   those
allegations   were   true,   Plaintiff's   complaint   should   be
dismissed because it fails to set forth a prima-facie case
of   employment   discrimination   because   no   employment
relationship exists between Plaintiff and State defendants.
Where   applicable,   Plaintiff's   action   is   also   deficient
because   the   State   defendants   are   immune   from   suit   under

federal and state laws.  For those reasons and any other
that Court deems applicable, Plaintiff failed to state a
claim upon which relief can be granted and her complaint
should be dismissed.  Rule 12(b)(1), Rule 12(b)(4), Rule
12(b)(5), and Rule 12(b)(6), Fed. R. Civ. P.


## II.  **Jurisdiction**

Plaintiff invokes the jurisdiction of this Court pursuant
to 42 U.S.C. § 2000e-5.  (Plaintiff's Complaint at ¶ 3).
In order to establish jurisdiction, a plaintiff must set
forth the basis of the Court's jurisdiction and plead facts
that demonstrate the existence of that jurisdiction.  See
Taylor   v.   Appleton,   30   F.3d   1365,   1367   (11th   Cir.
1994)(holding    that    the    court    lacked    subject-matter
jurisdiction over the action.)

In this case, the Plaintiff failed to sufficiently plead
a prima facie case of employment discrimination under Title
VII of the Civil Rights Act, which is the basis for the
court's   jurisdiction   over   this   action.   (Plaintiff's
Complaint  at  ¶  3.)   Further, Plaintiff's claim, where
applicable, is barred by immunity principles, including the
Eleventh  Amendment  to  the  Constitution  of  the  United
States.  Board of Trustees of the University of Alabama v.
Garrett, 531 U.S. 356 (2001).  Accordingly, for the reasons

3

discussed herein and for any other the Court deems applicable, Plaintiff's employment-discrimination action should be dismissed, thereby removing the basis for the court's jurisdiction.  Rule 12(b)(1), Rule 12(b)(6), Fed, R. Civ. P.

### III. <u>Standard of Review</u>

The standard of review for a motion to dismiss is well settled:

> "A complaint should not be dismissed for failure to state a claim unless 'it appears beyond doubt that the plaintiff can prove no set of facts ... which would entitle him to relief.' <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). <u>A complaint may be dismissed when the allegations demonstrate that the plaintiff does not have a claim.</u> <u>Bruce v. Wade</u>, 537 F.2d 850, 852 (5th Cir. 1976); <u>Hepperle v. Johnston</u>, 544 F.2d 201 (5th Cir.1976)."

<u>Toole v. Brown & Williamson Tobacco Corp.</u>, 980 F.Supp. 419, 421 (N.D. Ala. 1997)(emphasis added.)

### IV. <u>Argument</u>

#### a.   PLAINTIFF FAILED TO ESTABLISH A PRIMA FACIE CASE OF EMPLOYMENT DISCRIMINATION.

Among a myriad of allegations, Plaintiff contends that the State defendants <u>failed to employ</u> her "in higher education"[2], <u>terminated her employment</u>, and <u>failed to</u>

---

[2] Institutions of "higher education" are under the auspices of the Department of Postsecondary Education and <u>not</u> under the authority of the State defendants.  Rule 12(b)(6), Fed. R. Civ. P.

promote her to a job.   (quotes obtained from Plaintiff's
Complaint, ¶ 4.)    Plaintiff further claims that she was
both "laid off" and had "left voluntarily."  (Plaintiff's
Complaint, ¶ 5(A)(2)(3)).   Plaintiff's allegations are
wholly without merit because no employment relationship
exists between Plaintiff and the State defendants.
Plaintiff may have been an employee of a local education
agency as a teacher, but she was not and is not an employee
of the State defendants in any capacity.  Accordingly, her
complaint is due to be dismissed for failure to state a
claim upon which relief can be granted.   Rule 12(b)(6),
Fed. R. Civ. P.

An employment-discrimination action presupposes the
existence of an employer/employee relationship.  In other
words, a plaintiff must prove that "the employer unlawfully
discriminated against the employee."  Barnes v. Southwest
Forest Industries, Inc., 654 F.Supp. 193, 196 (N.D. Fla.
1986) (emphasis added, citing Texas Dept. of Community
Affairs v. Burdine, 450 U.S. 248 (1981) and Furnco
Construction Corp. v. Waters, 438 U.S. 567, 577 (1978));
see also Sullivan v. City of Satsuma, 2005 WL 2206222, *6
(S. D. Ala. 2005).

Plaintiff's complaint against the State defendants
must fail because no employment relationship exists between

5

the parties.    Under Alabama law, a local board of education

has the responsibility and discretion of hiring its own

teachers.    In fact, the State defendants are statutorily

prohibited, except in exigent circumstances, from reviewing

the personnel matters of a local school board.    Section

290-010-020-.03 of the Alabama Administrative Code states:

> "The State <u>Superintendent of Education shall</u>
> <u>not have the authority to review</u> actions and
> orders of county and city boards of education or
> county superintendents of education and city
> superintendents of schools in <u>personnel matters</u>."

Alabama Administrative Code, Section 290-010-020-.03.
(emphasis supplied.)

Because Plaintiff is not an employee of the State

defendants, a key element of the tort of "employment

discrimination" is missing -- the existence of an

employer/employee relationship between the State defendants

and Plaintiff.    <u>Barnes</u> and <u>Sullivan</u>, supra, and referenced

authority.    As a result, Plaintiff's employment-

discrimination claim against the State defendants is

deficient and her complaint is due to be dismissed.    Rule

12(b)(6), Fed. R. Civ. P.


    **b.**    <u>PLAINTIFF FAILED TO MEET THE REQUIREMENTS FOR THE
RENEWAL OF HER CERTIFICATE.</u>

6

Under the authority of Alabama Code § 16-23-2 (1975), the Alabama State Board of Education approved rules and regulations governing the renewal of a professional educator certificate, e.g. a teacher's certificate. Those rules are set forth in detail in section 290-3-2-.04 of the Alabama Administrative Code, which states, in part:

> "In order to receive, continue, or reinstate a professional educator certificate or an alternative certificate, an individual shall provide requested information including: name, address(es), telephone number(s), birth date, social security number, educational and work experience, certification test scores, professional development, relevant prerequisite certification, relevant transcripts, professional recognitions, and certification denial/revocation/ suspension. In addition, the individual shall provide fingerprints and permission for a criminal background review. Failure to submit accurate information may result in revocation or nonissuance of the individual's certificate."

Alabama Administrative Code § 290-3-2-.04.

In the instant case, Plaintiff had a valid teacher's certificate from July 1, 1999 June 30, 2004. In order to renew her certificate, Plaintiff was required to comply with the above-referenced code section. Plaintiff submits in her complaint that, although she sought guidance from the State respondents on what was required to renew her certificate, she failed to implement the directive posed to

her.    (Plaintiff's Complaint, ¶ 9, p. 3.)    Specifically,
Plaintiff alleges that she was informed by the State
Department of Education that she would need to complete ten
hours of credits in order to renew her certificate, but
concedes that she only completed nine hours.    (Plaintiff's
Complaint, ¶ 9, p. 3.)    Although Plaintiff's account of the
required number of hours may not be accurate, by her own
submission Plaintiff concedes that she did not earn the
necessary amount of credits to renew her certificate.

Plaintiff also states that her degree does not "call
for [her] taking classes/nor taking any type of testing".
(Plaintiff's Complaint, ¶ 9, p. 3.).    It is assumed that
Plaintiff did not substantiate that conclusory statement
because it is contrary to Alabama law.    Pursuant to section
290-3-2-.04 of the Alabama Administrative Code, Plaintiff
is required, among other things, to earn additional hours
of credits or of practice and to earn a passing score on
the Alabama Prospective Teacher Test.

Alabama Administrative Code § 290-3-2-.04 clearly sets
forth the requirements for a renewal of a teacher's
certificate.    The absence of any of those requirements is
sufficient to deny the renewal of a certificate.    In the
case *sub judice*, Plaintiff, by her own submission, states
that she did not have the requisite number of credit hours

8

and states that she was not required to take any form of classes or tests.    (Plaintiff's Complaint, ¶ 9, p. 3.) Clearly, Plaintiff did not comply with the mandates of Alabama Administrative Code § 290-3-2-.04.    As result, Plaintiff's renewal of her teacher's certificate was denied by operation of law and her employment-discrimination claim should be dismissed.

      **c.**     **THE PLAINTIFF'S CLAIM AGAINST THE STATE DEFENDANTS ARE BARRED UNDER IMMUNITY PRINCIPLES.**

Out of an abundance of caution and to the extent applicable, claims against the State defendants are barred under various immunity theories.[3]  Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Ex parte Alabama Dept. of Transp., 764 So. 2d 1263 (Ala. 2000); Ex parte Butts, 775 So. 2d at 177-78 (Ala. 2000); and Ex parte Cranman, 792 So. 2d 392 (Ala. 2000).

        ● **PLAINTIFF'S CLAIMS AGAINST THE STATE DEFENDANTS ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY.**

---

[3] It does not appear that the present action was brought against the State defendants in their individual capacities; in that case, the State defendants would also be protected under the cloak of qualified immunity. Crosby v. Monroe County, 394 F.3d 1328 (11th Cir. 2004).

9

Plaintiff's federal claim against the State defendants is barred by the Eleventh Amendment of the United States Constitution, which states:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

U.S.C.A. Const. Amend. XI.

It is well-settled law that the Eleventh Amendment bars federal claims against state agencies and state officials acting in their official capacities. Jackson v. Georgia Dept. of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994); Quern v. Jordan, 440 U.S. 332 (1979). See also Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139 (U.S. 1993)(internal quotation omitted)("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." Specifically, **"a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."** Edelman v. Jordan, 415 U.S. 651, 663 (1974)(emphasis supplied.)

Specifically, the State defendants are immune from a section-1983 action. In Alabama v. Pugh, 438 U.S. 781, 782 (1978), the United States Supreme Court held:

> "There can be no doubt, however, that suit
> against the State [of Alabama] and its Board of
> Corrections is barred by the Eleventh Amendment,
> unless Alabama has consented to the filing of
> such a suit.  Respondents do not contend that
> Alabama has consented to this suit, and it
> appears that no consent could be given under Art.
> I, § 14, of the Alabama Constitution, which
> provides that 'the State of Alabama shall never
> be made a defendant in any court of law or
> equity.'"

Alabama v. Pugh, 438 U.S. at 782 (internal citations
omitted.)

The plaintiff in this case impermissibly sought relief

against the State defendants under federal law.  However,

the plaintiff does not plead that the State has consented

to the filing of this suit.  In light of well-established

case law, the plaintiff's federal claim is barred by

Eleventh Amendment immunity and is due to be dismissed.

- **PLAINTIFFS' CLAIMS AGAINST THE STATE
  DEFENDANTS ARE BARRED BY STATE SOVEREIGN
  IMMUNITY.**

The plaintiff's state law claims are barred and are

due to be dismissed under the principle of state sovereign

immunity.  See Article I, § 14 of the Alabama Constitution.

It is well established that

> "Section 14, Ala. Const. 1901, provides
> '[t]hat the State of Alabama shall never be made
> a defendant in any court of law or equity.' This
> section affords the State and its agencies an

11

> 'absolute' immunity from suit in any court.  Ex
> parte Mobile County Dep't. of Human Res., 815
> So.2d 527, 530 (Ala. 2001) (stating that Ala.
> Const. 1901, § 14, confers on the State of
> Alabama and its agencies absolute immunity from
> suit in any court). … Section 14 prohibits
> actions against state officers in their official
> capacities when those actions are, in effect,
> actions against the State."

Haley v. Barbour County, 885 So. 2d 783, 788 (Ala. 2004).

The issue of state sovereign immunity was discussed in

Ex parte Alabama Dept. of Transp., 764 So. 2d 1263 (Ala.

2000).  In concluding that the Department of Transportation

("ALDOT") and its officers were entitled to immunity, the

Alabama Supreme Court reasoned as follows:

> "The immunity claimed by ALDOT and the other
> defendants is derived from Article I, § 14, of
> the Alabama Constitution of 1901, which states
> "[t]hat the State of Alabama shall never be made
> a defendant in any court of law or equity." Under
> this section, "[t]he State and its agencies have
> absolute immunity from suit in any court."
> Mitchell v. Davis, 598 So. 2d 801, 806 (Ala.
> 1992). ALDOT is clearly a State agency, and, as
> such, is immune from suit.  See generally Ex
> parte Kelley, 739 So. 2d 1095 (Ala. 1999).
> Therefore, Blue Ridge's claims against it are
> barred by the doctrine of sovereign immunity."

> "This doctrine also applies to State
> officers and employees, who enjoy immunity from
> an action filed against them in either their
> official or individual capacity if the action is,
> in substance, one against the State.  Mitchell,
> 598 So. 2d at 806."

Ex parte Alabama Dept. of Transp., 764 So. 2d at 1268.

Likewise, the Alabama State Department of Education and the State Board of Education are state agencies and are therefore immune from suit. See id. Furthermore, the State Superintendent of Education is being sued in his official capacity as mechanism for suing the state and he is likewise immune under this theory. Id.

- **PLAINTIFFS' CLAIMS AGAINST THE STATE DEFENDANTS ARE BARRED BY STATE-AGENT IMMUNITY.**

Plaintiffs' state law claims are also barred by state-agent immunity. In Ex parte Cranman, 792 So. 2d 392 (Ala. 2000), the Alabama Supreme Court addressed the issue of whether state-employed physicians enjoy immunity from tort actions arising from the performance of their duties. Cranman restated the Alabama law of qualified immunity, modifying to a degree the previous regime based on the discretionary/ministerial distinction. DeStafney v. University of Ala., 413 So. 2d 391 (Ala. 1981); Taylor v. Shoemaker, 605 So. 2d 828 (Ala. 1992). After a lengthy discussion on the history of state immunity, the Cranman

court held that state agents are immune from liability when exercising discretion.

In the case at hand, the plaintiff's complaint pleads in favor of state-agent immunity. Accordingly, the plaintiff's complaint is due to be dismissed.

### D. THE PLAINITIFF MAY NOT RECOVER PUNITIVE DAMAGES FROM THE STATE DEFENDANTS.

It is well-settled law that "punitive damages may not be awarded against the State of Alabama or any county or municipality thereof, or any agency thereof." Ala. Code § 6-11-26 (1975). Furthermore, local governments are immune from punitive damages under section 1983. Harrelson v. Elmore County, Ala., 859 F.Supp. 1465, 1467 (M.D. Ala. 1994).

## V.   Conclusion

WHEREFORE, based upon the facts and applicable law, the State defendants respectfully request the Court to dismiss Plaintiff's complaint against the State defendants in its entirety, with prejudice, and for such other and further relief as this Court deems just and proper. In the alternative, the State defendants respectfully move

for an order directing the Plaintiff to file a more
definite statement, pursuant to Rule 12(e), Fed. R. Civ.
P.

                              Respectfully Submitted,

                               TROY KING
                                ATTORNEY GENERAL

                                /s Reginald L. Sorrells (SOR002)
                                /s Juliana Teixeira Dean (DEA036)
                               Attorneys for the State Defendants


    Of Counsel:
    Reginald L. Sorrells, General Counsel (SOR002)
    Juliana Teixeira Dean, Associate General Counsel(DEA036)
    Attorneys for the State Defendants
    Alabama State Department of Education
    Office of General Counsel
    50 North Ripley Street
    Montgomery, Alabama 36130
    334-242-1899 telephone
    334-242-0982 fax
    jdean@alsde.edu
    rsorrells@alsde.edu

## CERTIFICATE OF SERVICE
_____

I hereby certify that on <u>June 1, 2006</u>, I electronically filed the foregoing State Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing and I hereby certify that I have mailed by United States Postal Service the document to the following participant:

Ms. Alma W. Sanders-Alloway
4435 Lawnwood Drive
Montgomery, Alabama 36108


<u>/s Juliana Teixeira Dean (DEA036)</u>
Juliana Teixeira Dean, Associate General Counsel
Attorneys for the State Defendants
Alabama State Department of Education
Office of General Counsel
50 North Ripley Street
Montgomery, Alabama 36130
334-242-1899 telephone; 334-242-0982 fax
jdean@alsde.edu
(DEA036)