IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA W. SANDERS-ALLOWAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV No. 2:06cv419-MEF |
| | ) | |
| JUNE MABRY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RENEWED MOTION TO DISMISS**

Come now the Defendants Alabama State Board of Education and Ms. June Mabry and hereby move this Court for an order dismissing Plaintiff's Complaint in its entirety, with prejudice. As grounds for this motion, Defendants state as follows:

1. Plaintiff filed an employment discrimination complaint against Defendants on May 9, 2006. (Doc. 1)

2. On June 1, 2006, Defendants filed their Motion to Dismiss and Supporting Memorandum ("Defendants' Motion to Dismiss").[1] (Doc. 7) Defendants' Motion to Dismiss is incorporated herein by reference.[2]

3. On July 7, 2006, the Honorable Magistrate Judge Charles S. Coody conducted Oral Argument on Defendants' Motion to Dismiss. Attorney Norman Hurst attended the hearing on behalf of Plaintiff without a formal appearance. The Court directed the counsel for the

---

[1] Due to the vagueness of Plaintiff's Complaint, Defendants' Motion to Dismiss was brought on behalf of all State defendants, named and unnamed, without waiving the defenses of insufficiency of process and insufficiency of service of process. (Doc. 7, fn. 1)

[2] One of the grounds upon which Defendants' Motion to Dismiss is based is Plaintiff's failure to allege that an employee-employer relationship existed between her and the Defendants. (Doc. 7) As further support of this ground, the Defendants note that the Plaintiff attached to her motion to supplement two letters entitled "Dismissal and Notice of Rights" issued by the EEOC. (Doc. 9) The EEOC Dismissal and Notice of Rights dated May 31, 2006 shows that the EEOC closed its file on Plaintiff's charge due to the fact that there was "[n]o employer-employee relationship." Similarly, the Dismissal and Notice of Rights dated May 17, 2006 shows that the EEOC closed its file on Plaintiff's charge in part due to "[n]o employment relationship."

Plaintiff to enter an appearance on the case. (Docs. 17, 18) The Court allowed the Plaintiff until July 31, 2006 to file an amended complaint which more clearly set forth her claims (Docs. 17, 18) and referenced Rule 11, Fed. R. Civ. P. On July 21, 2006, Mr. Hurst filed a Notice of Appearance on behalf of Plaintiff. (Doc. 19)

3. Plaintiff failed to file an amended complaint in compliance with Judge Coody's order. Rule 41(b), Fed. R. Civ. P. Thus, based upon the grounds contained in Defendants' Motion to Dismiss and also due to Plaintiff's failure to file an amended complaint as ordered by Judge Coody, this case should be dismissed in its entirety. Rule 12(b)(6), Rule 41(b), Fed. R. Civ. P.

WHEREFORE, Defendants respectfully move this Court for an order dismissing Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

/s Reginald L. Sorrells_____ (SOR 002)
/s Juliana Teixeira Dean_____ (DEA 036)

Attorneys for Defendants June Mabry
and Alabama State Board of Education

OF COUNSEL:
State of Alabama
Department of Education
5103 Gordon Persons Building
50 North Ripley Street
Montgomery, AL 36130-0001
Telephone: 334-242-1899
Facsimile: 334-242-0982

## CERTIFICATE OF SERVICE

    I hereby certify that on August 4, 2006, I electronically filed the foregoing Renewed Motion to Dismiss with the Clerk of the Court using the CM/ECF system and I hereby certify that on this date I have also served a copy of the foregoing upon the following:

Norman Hurst, Esq.
462 Sayre Street
Montgomery, Al 36104

by depositing a copy of same in United States mail, first-class postage prepaid.

                                              /s Juliana Teixeira Dean
                                                  Of Counsel