IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA

| | |
|---|---|
| ALMA W. SANDERS-ALLOWAY, | |
| Plaintiff, | |
| v. | Civil Action No. 2:06-cv-419-MEF |
| JUNE MABRY, et al., Defendants. | |

## ALLOWAY'S RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS

COMES NOW, the Plaintiff, Alma Alloway, and pursuant to the order of this Honorable Court, files this brief in opposition of the defendants', Motion to Dismiss heretofore filed in this matter.

Facts:

Alma Alloway, a black female, has brought numerous claims against The Alabama Department of Education alleging among other things that they failed to renew her teachers certificate. This was despite their practice of renewing the same without any additional requirements as was requested this time which was in contradiction to state requirements. She brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. sec and FLSA.

Plaintiff's Complaint does State a Cause of Action upon Which Relief Could Be Granted:

In a Rule 12(b)(6) motion to dismiss, dismissal is appropriate if the allegations in the complaint, even if taken as true, would

not support a claim that would entitle the plaintiff to relief. In ruling on a 12(b)(6) motion, " a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove not set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss for failure to state a claim contemplates only a determination of whether plaintiff's complaint states a claim upon which relief can be granted and matters outside the pleadings should never be considered in deciding whether to grant a Rule 12(b)(6) motion to dismiss. If a court considers matters outside the pleading, the Rule 12(b)(6) motion is treated as a Rule 56 motion for summary judgment. The parties must be given notice that the Rule 12(b)(6) motion will be disposed of in that manner, and, that they will be given a reasonable opportunity to advocate on the motion on that basis. *Buck v. FDIC*, 75 F.3d 1285 n.3 (8th Cir. 1998).

Alloway's complaint on it face does state a claim for which relief can be granted against the above named defendants'. The complaint asks this Honorable Court to grant relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et. sec</u> ,and against actors who purposeful discriminated against Allway and resulted in injury and damages. It is unnecessary at this stage of the process for plaintiff to have all the facts necessary to prove her case but enough facts to put the defendants on notice of the said claim. It is clear that the plaintiff's complaint does

the same.

Among other allegations alleged in the complaint the plaintiff states specifically that she was denied employment with institutions of higher learning because of the actions of the named defendants. That they denied her an opportunity to obtained her teachers certificate by holding the application to no further action could be taken and then denied the same. This is despite the fact that Ms. Alloway has held a certificate for approximately twenty plus years and many numerous degrees beyond the bachelor level.

It is apparent that the defendants' motion to dismiss should be denied, as plaintiff has satisfied the minimal requirements imposed by the federal rules and although plaintiff has alleged other federal actions the defendant's have failed to respond to the same.

Conclusion:

The Plaintiff complaint states a claim upon which relief may be granted against the above named individuals. The court also recognizes that granting of a motion to dismiss at this stage is not favored by our jurisprudence. For all the above reasons, the summons and complaint as written states a cause of action under *Federal law*.

Respectfully submitted this the 18th day of August, 2006.

_____
Norman Hurst (HUR016)

462-A Sayre Street
Montgomery, Alabama 36104

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer was served on the following by mailing copies of same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to assure
delivery, addressed as follows:

Honorable Reginald Sorrells
5103 Gordon Persons Building
50 North Ripley Street
Montgomery, Alabama 36130

This _18th_ day of August, 2006

_____
Norman Hurst