IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALMA W. SANDERS-ALLOWAY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV No. 2:06cv419-MEF |
| ) | |
| JUNE MABRY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS AMENDED COMPLAINT**

Come now Defendants the Alabama State Board of Education and Ms. June Mabry (hereinafter the "State Defendants") and hereby move this Honorable Court, pursuant to Rule 12(b)(1) and Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.[1] In support of this motion, the State Defendants state as follows:

I.    PLAINTIFF'S ALLEGATIONS CONCERNING FICTITIOUS DEFENDANTS SHOULD BE DISMISSED AND/OR STRICKEN.

In the Amended Complaint, the Plaintiff has alleged numerous claims against "factious [sic] parties x, y, z." (Complaint, ¶¶ 3, 8, 11, 21, 25, 26, 28 and 29). Fictitious party practice is not permitted in federal courts. *See, e.g., New v. Sports & Recreations, Inc.,* 114 F.3d 1092, 1094 fn.1 (11th Cir. 1997). Therefore, the State Defendants move that all allegations concerning fictitious parties be dismissed and/or stricken.

---

[1] The State Defendants note that Plaintiff added Troy University and Auburn University as named parties to the Amended Complaint (*i.e.,* they were not parties to her original Complaint). However, these institutions have not been served, and the record does not disclose any efforts by Plaintiff to attempt service.

II. **PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED.**

In the Amended Complaint, Plaintiff appears to assert two separate injuries arising from alleged race and age discrimination, albeit under four separate legal theories. First, Plaintiff claims that she has been denied employment as a teacher as a result of race and age discrimination. Second, Plaintiff claims that she was denied the reinstatement of her teaching certificate as a result of age and race discrimination. Plaintiff's Amended Complaint contains four Counts. It appears that the Plaintiff has incorporated both of her theories of discrimination (*i.e.,* employment discrimination and refusal to reinstate her certificate) into each of the Counts. Plaintiff also alleges that certain parties (mostly unnamed) participated in a conspiracy to deprive Plaintiff of her rights. For the reasons set forth below, the State Defendants are entitled to a dismissal of this action.

    1. **Plaintiff's Vague and Conclusory Allegations Do Not Satisfy The Heightened Pleading Requirements For Civil Rights Actions.**

Despite being given numerous opportunities to do so, Plaintiff has not filed a complaint which satisfies the pleading requirements of the Federal Rules of Civil Procedure and of this circuit. More specifically, the Amended Complaint sets forth several civil rights claims, all of which are subject to heightened pleading requirements. *See, e.g., Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). In *Dalrymple,* the Eleventh Circuit stated as follows:

> In examining the factual allegations of the complaint, we must keep in mind the heightened pleading requirements for civil rights cases, especially those involving the defense of qualified immunity. In such cases, the complaint must allege the relevant facts "with some specificity." "[M]ore than mere conclusory notice pleading is required ... . [A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Moreover, in reviewing a motion to dismiss, we need only accept "well pleaded facts" and "reasonable inferences drawn from those facts." "[U]nsupported conclusions of law or of mixed

> fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." We must also keep in mind the fact that "[w]e generally accord ... official conduct a presumption of legitimacy."

*Id.* (citations omitted).[2] As set forth in more detail below, Plaintiff's Amended Complaint consists entirely of vague, confusing and conclusory allegations of discrimination. As such, Plaintiff has failed to plead her civil rights claims with the particularity required by the heightened pleading standard recognized by this circuit and those claims should be dismissed.

### 2. Plaintiff's Employment Discrimination Claims Against The State Defendants Should Be Dismissed.

To the extent Plaintiff's four counts seek to state a claim of employment discrimination against the State Defendants, those claims must be dismissed. As is set forth in State Defendants original Motion to Dismiss and Supporting Memorandum (the "State Defendants' Original Motion to Dismiss"), the State Defendants are entitled to immunity from Plaintiff's employment discrimination claims. (Doc. 7 at pp. 9-14).[3] Further, as is set forth in the State Defendants' Original Motion to Dismiss, Plaintiff cannot state a claim of employment discrimination under any theory against the State Defendants because Plaintiff has not, and cannot, plead that an employment relationship existed between Plaintiff and the State Defendants. (Doc. 7 at pp. 4-6).[4]

---

[2] *See also, GHR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("[W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out non-meritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim."); *Randall v. Historic Columbia Foundation*, 2006 WL 2037488, *4 (D.S.C. July 18, 2006) ("There is a heightened pleading standard for § 1985(3) conspiracy claims."); *St. Louis v. Sams*, 401 F. Supp. 2d 1351, 1358 fn 6 (S.D. Fla. 2005) ("Because claims for violations of § 1981 are properly brought under § 1983, the § 1983 heightened pleading requirements are applicable to a claim for violations of § 1981."); *Cotney v. Franklin*, 2005 WL 1514047 at *3 (M.D. Ala. June 24, 2005) ("[A] heightened pleading standard is employed in this circuit for § 1983 actions against government officials in their individual capacities and qualified immunity can be raised as a defense."); *Young v. SouthTrust Bank, N.A.*, 51 F. Supp. 2d 1274, 1285 (M.D. Ala. 1999).

[3] The State Defendants hereby incorporate by reference the arguments set forth in the State Defendants' Original Motion to Dismiss.

[4] *See Riley v. Emory University*, 2005 WL 1395045 at * 1 (11th Cir. June 14, 2005) ("When § 1981 is used as a remedy for employment discrimination, the elements required to establish a claim are the same as those required

In an attempt to avoid this fatal problem (*i.e.,* a lack of employment relationship precludes recovery against the State Defendants), Plaintiff has alleged throughout her Amended Complaint that Defendant Mabry conspired with certain unnamed individuals to deny Plaintiff certain employment opportunities. Claims of conspiracy are also subject to their own heightened pleading standard. *See Young v. SouthTrust Bank,* 51 F. Supp. 2d 1274, 1285 (M.D. Ala. 1999). In *Young,* this Court stated that "[u]nder the well settled law of this circuit, a complaint alleging a conspiracy in only vague and conclusory terms should be dismissed." *Id.* (citations omitted). *See also Kearson v. Southern Bell Telephone & Telegraph Co.,* 63 F.2d 405, 407 (11th Cir. 1985) ("In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint."; *Griswold v. Alabama Dept. of Industrial Relations,* 903 F. Supp. 1492, 1501 (M.D. Ala. 1995) ("[T]he Eleventh Circuit requires a heightened pleading standard in conspiracy cases because a defendant must be informed of the nature of the conspiracy alleged. Thus, conclusory, vague, general allegations of conspiracy may justify dismissal of a complaint.")

In the present case, the Amended Complaint fails to allege a conspiracy with any degree of specificity. For example, most of the allegations concerning a conspiracy involving Defendant Mabry allege that such conspiracy was between her and certain unnamed fictitious parties. (*See,* Complaint, ¶¶ 8, 11, 21, 25, 26, 28 and 29).[5] Plaintiff does not plead the names of other alleged co-conspirators, the dates of the alleged conspiracies, any overt acts evidencing the conspiracy, *etc.* Indeed, other than alleging there was a conspiracy to deny Plaintiff employment

---

for a claim under Title VII of the Civil Rights Act of 1964."); *Coates v. Abbeville County,* 153 F.3d 719, *2 (4th Cir. 1998) ("The factual elements necessary to establish a prima facie case of employment discrimination are the same for Title VII, Section 1983, and Section 1983 claims.")

[5] To the extent Plaintiff attempts to assert that a conspiracy existed between Ms. Mabry and the Department of Education, such a claim would necessarily fail. *See Kirwin v. Price Communication Corp..,* 391 F.3d 1323, 1326 (11th Cir. 2004).

opportunities on the basis of her race and age, Plaintiff's Complaint contains no specific allegations of conspiracy. These vague and conclusory allegations of a conspiracy plainly do not satisfy the heightened pleading standard noted above.

Based upon the foregoing, Plaintiff's employment discrimination claims against the State Defendants (as they may appear in each of the Plaintiff's four counts) should be dismissed for failure to state a claim upon which relief can be granted.[6]

### 3. Plaintiff's Claims Related to the State Defendants' Refusal to Reinstate Her Teaching Certificate Should be Dismissed.

To the extent Counts One through Four seek recovery from the State Defendants for their refusal to reinstate her teaching certificate, those claims must also be dismissed. First, as set forth above and in the State Defendants' Original Motion to Dismiss, the State Defendants are entitled to immunity from these claims. (Doc. 7 at pp. 9-14) Second, Plaintiff's Amended Complaint fails to plead these claims sufficiently for purposes of the heightened pleading standard recognized by this circuit. Lastly, as is set forth in the State Defendants' Original Motion to Dismiss, Plaintiff's own allegations demonstrate that she failed to meet the legal qualifications for the renewal or reinstatement of her certificate. (Doc. 7 at pp. 6-9).

In the State Defendants Original Motion to Dismiss, the State Defendants interpreted Plaintiff's allegations in her initial, *pro se* Complaint as suggesting that the State refused to "renew" her certificate. Even though the State Defendants believed that allegation to be false,[7] the State Defendants demonstrated that, by her own allegation, Plaintiff was not entitled to a "renewal" of her certificate. In her Amended Complaint, Plaintiff has now more clearly, and

---

[6] The State Defendants also note that Plaintiff has not alleged what specific positions she was denied, the qualifications for such positions, the alleged decision-makers, the dates, *etc.*

[7] Because Plaintiff's certificate had lapsed prior to her alleged inquiries to the State Defendants, it was necessary for Plaintiff to meet the additional requirements for "reinstatement" of her certificate (*i.e.,* not the requirements for "renewal") as established by ALA. ADMIN. CODE r. 290-3-2-.04(2).

5

correctly, alleged that this is a "reinstatement" issue, not a "renewal" issue. (Amended Complaint, ¶¶ 5, 6, 10, 19, 29)[8] The legal requirements for the reinstatement of a professional educator's certificate are found in ALA. ADMIN. CODE Rule 290-3-2-.04. The only basis of Plaintiff's claim that she was wrongfully denied the reinstatement of her certification is her allegation that she was told that she would have to submit to testing and fingerprinting. Plaintiff thereafter claims that these were not legally recognized requirements for recertification, but rather were imposed on her in order to discriminate against her. (Amended Complaint, ¶ 6). Contrary to Plaintiff's allegation, both fingerprinting and testing are requirements for the recertification of a teaching certificate that has lapsed as Plaintiff's had. *See* ALA. ADMIN. CODE 290-3-2-.04. As such, to the extent Plaintiff's Counts One through Four are premised upon Plaintiff's allegation that she was wrongfully denied the reinstatement of her teaching certificate, those claims fail to state a claim upon which relief can be granted and must also be dismissed.

## CONCLUSION

This Court has given the Plaintiff numerous opportunities to file a sufficiently pled Complaint. (Doc. 18, 22, 25). Plaintiff's repeated failure to enunciate any viable claim against the State Defendants, much less one with the specificity required by this circuit, clearly demonstrates that Plaintiff's claims are meritless. *See, e.g., GHR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) (heightened pleading standard for civil rights actions are meant to "weed out non-meritorious claims").

WHEREFORE, based upon the foregoing, the State Defendants hereby respectfully request this Court enter an order dismissing all claims asserted against them in the Amended Complaint.

---

[8]    *See also* ¶ 4.4 of the Plaintiff's Original Complaint (Doc. 1). Therein, Plaintiff alleged that the State Defendants harmed her based upon their "failure to reinstate my certification."

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

/s Reginald L. Sorrells_____ (SOR 002)
/s Juliana Teixeira Dean_____ (DEA 036)

Attorneys for Defendants June Mabry
and Alabama State Board of Education

OF COUNSEL:
State of Alabama
Department of Education
5103 Gordon Persons Building
50 North Ripley Street
Montgomery, AL 36130-0001
Telephone: 334-242-1899
Facsimile: 334-242-0982

## CERTIFICATE OF SERVICE

    I hereby certify that on September 25th, 2006, I electronically filed the foregoing Motion Dismiss Amended Complaint with the Clerk of the Court using the CM/ECF system and I hereby certify that on this date I have also served a copy of the foregoing upon the following:

Norman Hurst, Esq.
462 Sayre Street
Montgomery, Al 36104

by depositing a copy of same in United States mail, first-class postage prepaid.

                                  /s Juliana Teixeira Dean
                                       Of Counsel