IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA W. SANDERS-ALLOWAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV No. 2:06cv419-MEF |
| | ) | |
| JUNE MABRY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPPOSITION TO MOTION FOR EXTENSION OF TIME

Come now Defendants the Alabama State Board of Education and Ms. June Mabry and hereby submit this Opposition to Motion for Extension of Time.  As grounds for this Opposition, the Defendants state as follows:

1.    By Order dated September 28, 2006, this Court ordered Plaintiff to show cause on or before October 6, 2006 why the Defendants' Motion to Dismiss Amended Complaint should not be granted.  On October 6, 2006, Plaintiff filed her Motion for Extension of Time.  The sole basis of Plaintiff's Motion was an allegation that Plaintiff's attorney "has a computer malfunction and is unable to retrieve documents." (Doc. 29)

2.    Federal Rule of Civil Procedure 6(b)(1) states that "the court *for cause shown* may at any time in its discretion … order the [time] period enlarged if request therefor is made before the expiration of the period originally prescribed." Fed.R.Civ.P. 6(b)(1) (emphasis added) "The court's power to enlarge time under Rule 6(b), however, will be employed to achieve 'the just, speedy, and inexpensive determination of every action' as required by Rule 1." Wright & Miller, 4B *Federal Practice and Procedure*, Time § 1165. "Because the district court may

exercise its discretion under Rule 6(b)(1) only for 'cause shown,' a party must demonstrate some justification for the issuance of the enlargement order." *Id.*

3.      Plaintiff's bare allegation of a "computer malfunction" is insufficient "cause" entitling Plaintiff to an enlargement of time, especially under the history of this case. Plaintiff's attorney has provided no explanation of the type of computer malfunction, how long the malfunction has existed, or how the nature of the computer malfunction prevented Plaintiff's attorney from preparing a response, when Plaintiff's attorney was able to prepare the Motion for Extension of Time. Defendants further note that as of the date of filing this Opposition, six days have passed since Plaintiff filed her Motion for Extension of Time. In that time, to Defendants' knowledge, no response to the Defendants' Motion to Dismiss has been filed by Plaintiff.

4.      Defendants will be prejudiced if this Court allows Plaintiff yet another extension. Defendants have already been forced to prepare three motions to dismiss, or renewed motions to dismiss, due to the numerous extensions or "second chances" granted to Plaintiff. The interests of securing "just, speedy and inexpensive determination of every action," as stated in Fed.R.Civ.P. 1, would be subverted if Plaintiff is allowed yet another extension in this case.

WHEREFORE, Defendants respectfully request this Court deny Plaintiff's Motion for Extension of Time, and grant Defendants' Motion to Dismiss Amended Complaint (Doc. 27).

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

/s Reginald L. Sorrells                    (SOR 002)
/s Juliana Teixeira Dean                   (DEA 036)

Attorneys for Defendants June Mabry
and Alabama State Board of Education

2

OF COUNSEL:
State of Alabama
Department of Education
5103 Gordon Persons Building
50 North Ripley Street
Montgomery, AL 36130-0001
Telephone:  334-242-1899
Facsimile:  334-242-0982

## CERTIFICATE OF SERVICE

I hereby certify that on October 13th, 2006, I electronically filed the foregoing Motion Dismiss Amended Complaint with the Clerk of the Court using the CM/ECF system and I hereby certify that on this date I have also served a copy of the foregoing upon the following:

Norman Hurst, Esq.
462 Sayre Street
Montgomery, Al 36104

by depositing a copy of same in United States mail, first-class postage prepaid.

/s Juliana Teixeira Dean
Of Counsel

3