IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA

ALMA W. SANDERS-ALLOWAY  
    Plaintiff,

v.                              Case Number: 2:06-cv-419-MEF

JUNE MABRY, et al.,  
    Defendant.

## ALLOWAY'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiff, by and through her undersigned counsel and responds to the Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted and says as follows:

## PLAINTIFF'S COMPLAINT DOES ESTABLISHES A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED.

Again the Defendants' attempt to dismiss this action based on an assumption that the plaintiff has failed to state a cause of action upon which relief can be granted. In examination of their combined motion to dismiss it is apparent that the defendants' main contention is that the complaint is vague and conclusory and does not satisfy the heightened pleading requirements for civil rights action. This argument is without merit and is not supported by the weight of the law.

Alloway's complaint on it's face does state a claim of action against these defendants. This complaint asks this Honorable Court to grant relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et. It is unnecessary at this stage even under

the heightened pleading requirements as raised by the defendants for Alloway to have all the necessary facts to prove her case but for her to plead 'with some specificity,' *Dalrymple v. Reno*, 334 F.3d 991,996 (11th Cir.2003). Further, it is noted that the Defendants have failed to point out specifically what in the complaint is vague, confusing and conclusory allegations of discrimination in Alloway's Title VII claims and only does so as it relates to the claim of conspiracy. In addressing their concerns only as it relates to the conspiracy claim, seeing that the defendants have failed to specify specifically what was vague, and conclusory as it relates to Alloway's other Title VII claims. The complaint is not vague and conclusory it is quit clear that the plaintiff has alleged that Defendant Mabry conspired with the human resource directors of Troy and Auburn University to deny Alloway employment because of her race, age and hired less qualified white individuals. Denial of employment based on race and age is actionable under Title VII and plaintiff does not have to show an employment relationship.

In response to Alloway's certificate claim it is clear that the plaintiff claim is that the State through its agent Mabry applied different standards for her certificate. Alloway contention is that she was denied her certificate because of her race and age and that the state maintained a dual system. That the requirements as imposed were unnecessary and duly burdensome and only required because of her age and race.

## DEFENDANT'S ARE NOT ENTITLED TO SOVEREIGN IMMUNITY IN THEIR CAPACITY

The defendants are not entitled to immunity to the extent the Plaintiff has sued them in their official capacities and individually under the federal civil rights statues, such claims are not altogether barred by sovereign immunity. On the merits, to establish personal liability in a Section 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. See Monroe v. Pope, 365 U.S. 167 (1961). More it is required in an official-capacity action, however, a governmental entity is liable under section 1983 only when the entity itself is a "moving force" behind the deprivation, Polk County v. Dodson, 454 U.S. 312, 326(1981); thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law. There must be a reasonable objectively reliance on existing law, such as eleventh amendment. The Defendants have failed to raise an eleventh amendment defense and even if they had Mabry is not entitle to immunity in that she was the moving force under the color of law that deprived Alloway of her federal rights.

## CONCLUSION

Therefore, for all the forgoing reasons the defendants' motion to dismiss is due to be denied at this time.

_____
Norman Hurst Jr.   (HUR016)

Attorney for the Plaintiff
462-A Sayre Street
Montgomery, Alabama 36104
(334) 269-6449

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing response was served on the following by mailing copies of same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery, addressed as follows:

Honorable Reginald Sorrells
50 North Ripley Street
Montgomery, Al 36130

This 20th day of September, 2006

_____
Norman Hurst Jr.