IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA W. SANDERS-ALLOWAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV No. 2:06cv419-MEF |
| | ) | |
| JUNE MABRY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO ALLOWAY'S RESPONSE
TO THE DEFENDANTS' MOTION TO DISMISS**

Come now the Defendants Alabama State Board of Education and Ms. June Mabry and hereby submit this Reply to Alloway's Response to the Defendants' Motion to Dismiss. Without waiving any of the other grounds previously raised by Defendants for dismissal,[1] Defendants reply to Plaintiff's arguments as follows:

1.  In her Response, the Plaintiff failed to demonstrate that her claim against Defendant Mabry for conspiracy to commit employment discrimination is viable. As set forth in detail in Defendants' Motion to Dismiss Amended Complaint, Plaintiff failed to plead her claims of conspiracy with the particularity required under the relevant case law. (Doc. 27 at pp. 4-5). Plaintiff's sole response is to claim that "it is quite clear that the Plaintiff has alleged that Defendant Mabry conspired with the human resources directors of Troy and Auburn University to deny Alloway employment because of her race, age and hired less qualified white individuals." (Doc. 32 at p. 2) No such "clear" allegation is contained in Plaintiff's Amended Complaint. Plaintiff's Amended Complaint does contain numerous conclusory allegations that Defendant Mabry conspired with certain unnamed fictitious parties. However, Plaintiff defines

---

[1] Defendants herein adopt and incorporate by reference the arguments and legal authority previously raised before the Court.

the fictitious parties to be either "the chancellors of said universities **or** the human resource directors of the same." (Doc. 26 at ¶ 3) (emphasis added). Thus, according to the allegations in Plaintiff's Amended Complaint, she still has not decided whether Ms. Mabry conspired with the human resource directors of those universities, or the Chancellors. Further, even if Plaintiff had specifically claimed that Defendant Mabry conspired with the human resource directors of those universities, such a conclusory allegation falls short of meeting Plaintiff's heightened pleading standard for conspiracy claims. (Doc. 27 at pp. 4-5) Lastly, since Plaintiff's conspiracy claim is based entirely upon allegations involving a conspiracy with fictitious parties, those claims must fail, *i.e.,* this Court has consistently held that fictitious party practice is not permitted. *See Shaw v. Coosa County Comm'n,* 434 F. Supp. 2d 1179, 1182 fn 1 (M.D. Ala. 2005); *Sanders v. City of Union Springs,* 405 F. Supp. 2d 1358, 1370 (M.D. Ala. 2005) ("Of course, the fictitious party practice is not allowed by the Federal Rules of Civil Procedure.") This is especially true in a case where Plaintiff is **not** proceeding *pro se*.

2. Defendants have previously established that Plaintiff cannot state a direct claim of employment discrimination against them because there was never an employer/employee relationship. (Doc. 7 at pp. 4-6) In her Response, Plaintiff concludes that she "does not have to show an employment relationship" in order to state a claim of employment discrimination against the Defendants. (Doc. 32 at p. 2) Plaintiff provides no citation to support this legal conclusion. Contrary to Plaintiff's conclusion, such an employment relationship is a necessity for an employment discrimination claim.[2] (Doc. 7 at pp. 4-6; Doc. 21 at fn. 2)

3. Defendants demonstrated that Plaintiff failed to state a claim that she was wrongfully denied the reinstatement of her teacher's certificate since testing and fingerprinting

---

[2]   *See, e.g., Llampassas v. Mini-Circuits Lab, Inc.,* 163 F.3d 1236, 1242-43 (11th Cir. 1998).

are requirements for the reinstatement of a certificate that has lapsed as Plaintiff's had. (Doc. 27 at pp. 5-6) Plaintiff chose not to respond to these arguments.

4. Plaintiff does not seek any injunctive relief in her Amended Complaint. Rather, the only relief specifically requested by Plaintiff in her Amended Complaint is the award of $250,000. (Doc. 26 at pp. 6-7) In her Response, Plaintiff makes it abundantly clear that she is suing Defendant Mabry in her official capacity. (Doc. 32 at p.3) As such, all of Plaintiff's claims against the Defendants are barred by the Eleventh Amendment immunity. *See Weaver v. Tillman*, 2006 WL 1889565, *12 (S.D. Ala. July 10, 2006) ("[T]o the extent that plaintiff purports to bring official-capacity claims against Tillman under § 1983, those claims are not cognizable, as a matter of law, either."); *Frieson v. State,* 2006 WL 2927473 (M.D. Ala. Oct. 11, 2006) (dismissing monetary claims against State and police officers who were sued in their official capacity under Eleventh Amendment immunity); *Watkins v. Montgomery County Bd. of Health,* 2006 WL 2092600, *9 (M.D. Ala. July 26, 2006) ("The defendants are correct in asserting that the Eleventh Amendment bars § 1983 claims from money damages against them in their official capacities."); *Shaw v. Coosa County Comm'n,* 434 F. Supp. 2d 1179, 1194 (M.D. Ala. 2005) ("Shaw's claims against Evans in his official capacity pursuant to 42 U.S.C. § 1983 must be dismissed as a matter of law because Evans is immune from suit in his official capacity pursuant to the Eleventh Amendment to the United States Constitution."); *Taylor v. Alabama,* 95 F. Supp. 2d 1297, 1309-11 (M.D. Ala. 2000) (plaintiff's § 1981, 1983 and 1985 claims for monetary relief against the State defendants dismissed pursuant to Eleventh Amendment immunity).

WHEREFORE, Defendants respectfully request that this Court enter an order dismissing Plaintiff's Amended Complaint in its entirety.

        Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL


        /s Reginald L. Sorrells      (SOR 002)
        /s Juliana Teixeira Dean    (DEA 036)

        Attorneys for Defendants June Mabry
        and Alabama State Board of Education

OF COUNSEL:
State of Alabama
Department of Education
5103 Gordon Persons Building
50 North Ripley Street
Montgomery, AL 36130-0001
Telephone: 334-242-1899
Facsimile: 334-242-0982


## CERTIFICATE OF SERVICE

    I hereby certify that on November 3, 2006, I electronically filed the foregoing Renewed Motion to Dismiss with the Clerk of the Court using the CM/ECF system and I hereby certify that on this date I have also served a copy of the foregoing upon the following:

Norman Hurst, Esq.
462 Sayre Street
Montgomery, Al 36104

by depositing a copy of same in United States mail, first-class postage prepaid.


        /s Juliana Teixeira Dean
            Of Counsel