IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALMA W. SANDERS-ALLOWAY, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:06cv419-MEF
) (WO)
JUNE MABRY, et al., )
)
Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, acting *pro se*[1], brings this action pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983[2] against June Mabry and the Alabama State Department of Education.[3] She alleges that she was discriminated against because of her race and age and was deprived of her equal protection rights in violation of the Fourteenth Amendment. The plaintiff further claims that Mabry, pursuant to 42 U.S.C. § 1985, conspired to violate her constitutional rights. The court has jurisdiction of these claims under 28 U.S.C. § 1331 pursuant to its

---

[1] Although the plaintiff initially filed this complaint *pro se*, she retained counsel to represent her. Counsel filed an amended complaint on September 11, 2006 and responded to the defendants' motion to dismiss. After the defendants' motion to dismiss was under submission, on August 30, 2007, the plaintiff's counsel was allowed to withdraw from representation. *See* Doc. # 45.

[2] The plaintiff's repeated references in her briefs to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, are baffling. The complaint in this case seeks relief only under 42 U.S.C. § 1981, 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Even after the defendants filed their motion to dismiss, and after the plaintiff amended her complaint, she did not add a Title VII claim.

[3] Although the plaintiff names Auburn University and Troy University as defendants in the amended complaint, these defendants have never been served, *see* FED. R. CIV. P . 4(h)(1), and thus, are not parties to this action.

federal question jurisdiction.

The case is now before the court on the defendants' motion to dismiss in which they assert that the plaintiff has failed to state a claim upon which relief can be granted. *See* Docs. # 27 & 33. The plaintiff has responded to the defendants' motion to dismiss. *See* Docs. # 32 & 34. Upon consideration of the pleadings in this case, the court concludes that the defendants' motion to dismiss is due be granted.[4]

**STANDARD OF REVIEW**

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007), "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

> In order for the plaintiff to satisfy [her] "obligation to provide the grounds of [her] entitlement to relief," [s]he must allege more than "labels and conclusions"; [her] complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly* , 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted). [A] plaintiff's obligations to provide

[4] Because the court concludes that the defendants' motion to dismiss is due to be granted, the court pretermits discussion of the defendants' individual grounds for dismissal, including immunity from suit.

> the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] *Bell Atlantic Corp.*, ___U.S. at ___, 127 S.Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)); *see also Perkins v. Silverstein*, 939 F.2d 463, 466-67 (7th Cir.1991) (plaintiffs cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims").

*Financial Sec. Assur., Inc. v. Stephens, Inc*. 2007 WL 2700280, *3 (11th Cir. 2007). *See generally*, *Powell v. Barrett*, 2007 WL 2386610, *7 (11th Cir. 2007). In *Twombly*, *supra*., the Court "rejected the notion that "a wholly conclusory statement of claim [can] survive a motion to dismiss whenever the pleadings le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Weissman v. Nat'l Ass'n of Securities Dealers, Inc*. 2007 WL 2701308, *8 (11th Cir. 2007).

**DISCUSSION**

**A. Alabama Department of Education**

The Alabama Department of Education is named as a defendant in this suit. The court lacks jurisdiction over this defendant because the State Department of Education, as an agency of the State of Alabama, is immune from suit. *Alabama v. Pugh*, 438 U.S. 781 (1978). Thus, the Department is due to be dismissed with prejudice.

**B. 'Factious' Defendants**

The plaintiff purports to name "factious parties" as defendants in this action. The court presumes that the plaintiff is attempting to sue fictitious parties, but, of course, fictitious defendants "X, Y, and Z" are not proper parties to this action. This designation

does not adequately describe the persons to be sued so that such persons can be identified for service.[5] *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). More importantly, however, the Federal Rules of Civil Procedure do not provide for fictitious party practice as it is incompatible with federal procedure. *See* FED. R. CIV. P. 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties..."). Accordingly, all fictitious defendants are due to be dismissed.

**C. Defendant June Mabry**

The sole remaining defendant in this action is June Mabry, "an employee of the Department of Education for the State of Alabama and is responsible for upholding the laws regarding teacher certification."[6] (Amended Compl. at 1, ¶ 1).

**A. 42 U.S.C. § 1981 Claim**. To the extent that the plaintiff alleges a § 1981 equal protection claim or conspiracy claim premised on 42 U.S.C. § 1981, the defendant's motion to dismiss is due to be granted. Section 1981 gives "[a]ll persons . . . the right to make and

---

[5] The plaintiff describes defendants X, Y and Z as "the chancellors of said universities or the Human Resource Directors of the same" which is simply insufficient to effect service on these individuals.

[6] The court is equally baffled by the plaintiff's references to this defendant's actions relating to hiring and promotion decisions. *See Fn. 1*. Although the plaintiff repeatedly alleges that defendant Mabry discriminated against her "in favor of white applicants with less experience and education," and by "continuing to higher (sic) less qualified . . . white applicants," *see* Amended Compl. at ¶ 8, 17, 22, 23, 25, & 26, it is clear from the complaint that Alloway's complaints against Mabry stem from Mabry's failure to renew Alloway's teacher certificate. Consequently, the court concludes that the plaintiff's "formulaic recitations" of the elements of an employment discrimination claim are simply insufficient to sustain such a claim against Mabry. The plaintiff alleges no facts in her complaint that would suggest that Mabry discriminated against her when she applied for employment with the State Department of Education, or any other entity.

enforce contracts" without regard to race.[7] This section specifically relates to "the making, performance, modification and termination of contracts" and prohibits interference with the plaintiff's right to contract. 42 U.S.C. § 1981. "Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts." *Ferrill v. The Parker Group, Inc.*, 168 F.3d 468, 472 (11th Cir. 1999). Section 1981 does not extend to all discriminatory actions, but rather, "prohibits discrimination only in the making and enforcement of contracts." *Patterson v. McLean Credit Union*, 491 U.S. 164, 176 (1989). The plaintiff alleges no facts in her complaint that would indicate that her right to contract was in any way interfered with by this defendant. The plaintiff's complaints against Mabry relate to Mabry's refusal to allow her to renew her teaching certificate without meeting the requisite testing, fingerprinting and other requirements. *See* Compl. at ¶ 6.

Additionally, the plaintiff's wholly conclusory allegations that a conspiracy existed between Mabry and unknown defendants to violate her § 1981 rights are simply insufficient to survive the defendant's motion to dismiss. In accordance with *Twombly*, the court

---

[7] 42 U.S.C. § 1981 provides, in pertinent part, as follows:

> (a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

concludes that the plaintiff's allegations are no more than "labels and conclusions" that fail to allege sufficient facts to preclude dismissal of this claim.[8] 550 U.S. at ___, 127 S.Ct. at 1964-65. The plaintiff has failed to allege with sufficient precision, "all the material elements necessary to sustain a recovery under some viable legal theory." *Financial Sec. Assur.*, 2007 WL 2700280 at *3. Consequently, the court concludes that because the plaintiff's claims premised on 42 U.S.C. § 1981 fail to state a claim upon which can be granted, the defendant's motion to dismiss these claims is due to be granted.[9]

**B. Section 1983 Claim.** The plaintiff has also sued defendant Mabry under 42 U.S.C. § 1983. No substantive rights are created by Section 1983; it merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Cmty Hosp., Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must establish that she suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States and that the act or omission causing the deprivation was committed by a person acting under color of state law. *Id.* "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or

---

[8] The plaintiff's complaint does not come close to setting forth the necessary factual predicate sufficient to escape dismissal of this claim. *See Twombly, supra*.

[9] The court also notes that section 1981 does not provide a cause of action against state actors. *Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000). The plaintiff's sole remedy against state actors lies in a section 1983 claim. *Id.*

immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981). Thus, in order to prevail, the plaintiff must demonstrate that she was "deprived . . . of a right secured under the Constitution or federal law." *Willis v. University Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

The plaintiff alleges that the defendant violated her Fourteenth Amendment equal protection rights. To establish a § 1983 equal protection claim, a plaintiff must show (1) that she is similarly situated with other persons who were treated differently than her, and (2) that the reason for the different treatment was based on race, religion, national origin, poverty or some other constitutionally protected interest. *Damiano v. Florida Parole and Probation Comm'n*, 785 F.2d 929 (11th Cir. 1986). The plaintiff must prove the existence of discriminatory intent; arbitrary application without discriminatory intent is insufficient. *See E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a racially disproportionate impact. . . . Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause (citation omitted). "Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also McCleskey v. Kemp*, 481 U.S. 279, 297-299 (1987).

*Hernandez v. New York*, 500 U.S. 352, 359 (1991).

The plaintiff has failed to allege with sufficient specificity the necessary facts to survive the defendant's motion to dismiss. The plaintiff's allegations against defendant

Mabry are as follows:

> The Department of Education, June Mabry and factious parties under the color of state law deprived Mrs. Alloway of her 14th Amendment rights by discriminating against her in favor of white applicants with less experience and education in violation of 42 U.S.C. § 1983.

(Amended Compl. at ¶ 25, doc. # 26). At best, the plaintiff alleges "legal conclusions couched as [] factual allegation[s]." *Twombly*, 550 U.S. at ___, 127 S. Ct. at 1965. The plaintiff must allege more than simply she was discriminated against by defendant Mabry. Her complaint must "possess enough heft to 'sho[w] that the pleader is entitled to relief." *Id*. at 1966. Because the court concludes that the plaintiff fails to allege sufficient facts[10] in support of her § 1983 claim, the defendant's motion to dismiss this claim is due to be granted.

**C. Conspiracy Claim.** The plaintiff alleges, in very general terms, that the defendant conspired against her, in violation of federal law, to deprive her of her federally protected rights. She alleges a conspiracy pursuant to 42 U.S.C. § 1985. Section 1985 provides as follows:

> If two or more persons in any State or Territory conspire, . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . ., the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

---

[10] In other words, the plaintiff does not describe what Mabry did to accomplish the alleged discrimination nor does she state who the white applicant are or what they applied for. Moreover, the pleadings indicate that the plaintiff's teaching certificate was not renewed because she failed to meet testing and fingerprint requirements, none of which have anything to do with experience or education.

42 U.S.C. § 1985(3).

As an initial matter, in court four (4) of the amended complaint, the plaintiff complains that "Mabry, under color of law conspired together with Factious Parties and the Department of Education in order to deny Mrs. Alloway of her 14th Amendment rights in violation of 42 U.S.C. § 1985." (Doc. # 26). Mabry is employed by the Alabama Department of Education. To the extent that Mabry is attempting to allege an intracorporate conspiracy, this claim fails.

> Under the doctrine of intracorporate conspiracy, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves" because a corporation and its employees are considered to be "a single legal actor." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). The intracorporate conspiracy doctrine also applies to public, governmental entities. *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000).

*Albra v. City of Fort Lauderdale*, 232 Fed. Appx. 885, 891, 2007 WL 1213230, *5 (11th Cir. 2007.

Next, to be successful on a general § 1985(3) conspiracy claim, "the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in the furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprives of any right or privilege of a citizen of the United States." *United Bhd.*, 463 U.S. at 828 - 829. Although the plaintiff has alleged that the defendant's actions were based on racial animus,

she has alleged absolutely no facts in support of her conspiracy allegations.

> June Maybry (sic) along with other factious (sic) parties under the color of law on a continuous and systematic basis conspired with individuals to impede the liberties of Mrs. Alloway by devising and orchestrating schemes motivated by racial animus in order to create outcomes in favor of white younger applicants, to the exclusion of mature black applicants for the sole purpose of discriminating against the same.

As evidenced from a review of her complaint, Alloway alleges "no act in furtherance of the conspiracy." *Id*.

Finally, and perhaps more importantly, regardless of whether her theory of recovery is a § 1983 or § 1985 conspiracy, the plaintiff alleges no facts that the parties reached an agreement to violate her constitutional rights. *See Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000) ("In order to establish a § 1985(3) conspiracy claim, [the plaintiff] must show an agreement between "two or more persons" to deprive him of his civil rights."); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) ("To establish a prima facie case of conspiracy to violate rights protected by § 1983, a plaintiff must demonstrate that the defendants "'reached an understanding' to violate his rights."); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing contacts between private person and state actors which could prove that these parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).

A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations of a conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556-57

(11th Cir. 1984). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman*, 739 F.2d at 557. The court has carefully reviewed the plaintiff's complaint. Other than her conclusory allegations, she has presented no facts that even remotely establish that this defendant entered into a conspiracy to violate her constitutional rights. Thus, the court concludes that the plaintiff's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. §§ 1983 or 1985. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557. The plaintiff's conspiracy claims are due to be dismissed.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion to dismiss be GRANTED, all claims against these defendants be DISMISSED, and that this case be DISMISSED. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 19, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of December, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE